# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

LUCINDA A. JOHNSON,

                                  Plaintiff,

          -v.-                                5:19-CV-852
                                                (DNH/ATB)

EMPOWER, FCU,

                                  Defendant.

LUCINDA A. JOHNSON, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Lucinda A. Johnson. (Dkt. Nos. 1, 2). Plaintiff has also moved for appointment of counsel.

## I.   IFP Application

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). Although plaintiff's documents are unclear, it appears that plaintiff is currently without sufficient funds to pay the filing fee. Thus, this court finds for purposes of this Order and Report-Recommendation that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915

(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## II.    <u>Facts</u>

Plaintiff has filed this complaint on form used for civil rights actions that are

brought under 42 U.S.C. § 1983. (Complaint ("Compl.") *generally*) (Dkt. No. 1). The complaint contains no "Fact" section, but begins with a list of "Causes of Action." (Compl. at 2).[1]  Plaintiff is clearly unhappy with the way that defendant Empower Federal Credit Union ("Empower") has handled her funds.  In the first cause of action, plaintiff states that the defendant took her "payment SHR transfer"[2] and "used" it as a loan payment. (Compl. at 2).  Plaintiff then states that Empower did "not give me the credit for ***them***."[3] (*Id.*) (emphasis added).

Plaintiff claims that Empower made her take a cash advance when she should have been able to "get what [she wants] when [she] wants." (*Id.*)  Plaintiff states that she never had a limit on how much cash she could withdraw.  Plaintiff states that she wants all of her money back. (*Id.*)  Plaintiff also claims that $10,000.00 was taken out of her account when she asked for a cashier's check.  She "got the check but they never put the cask back" in her account. (*Id.*)  Finally, plaintiff alleges that a $5,000.00 transfer "never showed up on [her] account," so that $5,000 was "missing" from her account. (*Id.*)  In her complaint, plaintiff fails to state when any of these incidents

---

[1] Plaintiff has clearly omitted portions of the form-complaint.  Thus, the court will cite to the pages as assigned by the court's electronic filing system ("CM/ECF").

[2] SHR appears to refer to a "Shared Network Transaction, which is

> A one time debit entry to the account of a receiver where the entry is initiated at an electronic terminal. The entry is initiated into a shared network where the originating depository financial institution (ODFI) and receiving depository financial institution (RDFI) have an agreement.

https://www.paymentvision.com/glossary/shr-shared-network-transaction.

[3] It appears that plaintiff is referring to multiple transactions, but she uses the singular and plural interchangeably. The only way that the court knows that plaintiff may be referring to more than one transaction is that she mentions different amounts of money.

occurred.  However, plaintiff has attached a variety of Empower transaction records related to plaintiff's account. (Compl. Ex. 1) (Dkt. No. 1-1).  Plaintiff has some of these transactions circled or highlighted, but she does not identify how these transactions relate to her claims, and the court can only guess, based on the amounts involved, that some of them might be relevant to her allegations of the defendant's misconduct.[4] (Pl.'s Ex. 1 at 6, 8, 10, 15).

## DISCUSSION

### I.  <u>Jurisdiction</u>

Plaintiff states that she is bringing this action under federal question jurisdiction. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331.  In this case, plaintiff claims that she is bringing "federal question" claims, and the court will discuss whether plaintiff states a claim under the statute which she cites as the basis for her claims or under any other available basis for jurisdiction.[5]

### A.    **42 U.S.C. § 1983**

#### 1.    **Legal Standards**

Section 1983 provides, in relevant part, that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to

---

[4] One of the documents in Ex. 1 consists of a page of handwritten calculations. (*Id*. at 17).

[5] As stated above, the court must use the utmost liberality in reviewing pro se pleadings. *Abbas, supra*.  Thus, even though plaintiff has raised only section 1983 as a basis for this action, the court has made an effort to determine whether there are any other bases upon which this complaint may move forward.

> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured . . . .

42 U.S.C. § 1983. Section 1983 itself does not create substantive rights, rather, it

provides a "'method for vindicating federal rights elsewhere conferred.'" *Fiedler v.*

*Incandela*, 222 F. Supp. 3d 141, 156 (E.D.N.Y. 2016) (quoting *Patterson v. County of*

*Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (citing *Baker v. McCollan*, 443 U.S. 137, 144

n. 3 (1979)). In order to state a claim under section 1983, the plaintiff must allege the

deprivation of rights, privileges, or immunities secured by the Constitution or other

laws, committed by a person acting under color of state law. *Id.* (quoting *Hawkins v.*

*Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011).

### 2.    Application

Although plaintiff has filed her complaint on a form which is used for section

1983 cases, Empower does not act under color of state law for purposes of this statute.

*Welenc v. Polish & Slavic Federal Credit Union*, No. 18-CV-6087, 2018 WL 6106827,

at *2 (E.D.N.Y. Nov. 21, 2018) (citing *Barroga Hayes v. Susan D. Settenbrino, P.C.*,

No. 10-CV-5298, 2012 WL 1118194, at *9 (E.D.N.Y. Mar. 30, 2012) (collecting cases)

("courts have repeatedly held that federal credit unions are not state actors"). In

addition, plaintiff cites no constitutional provisions upon which she bases her claims.

Thus, plaintiff may not bring this action under section 1983.

To the extent that plaintiff would try to base a claim on a federal "law," and she

claims some sort of corruption by Empower, she might be attempting to allege a claim

under the Federal Credit Union Act ("FCUA"), 12 U.S.C. § 1751. However, there is no

private right of action under the FCUA. *Welenc*, 2018 WL 6106827, at *2 (citing *Smith*

*v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993); *Barroga Hayes*, 2012 WL 1118194, at *6-7 (collecting cases); *Luczaj v. Bd. of Directors of the Polish & Slavic Federal Credit Union*, No. 10 Civ. 4070, 2010 WL 3767881, at *1 & n.2 (E.D.N.Y. Sept. 16, 2010)).

In *Mioduszewski v. Polish & Slavic Federal Credit Union*, No. 18-CV-6081, 2018 WL 5830820 (E.D.N.Y. Nov. 6, 2018), the plaintiff sued both his credit union and the National Credit Union Administration (a federal agency). *Id.* Plaintiff sued as a member of his credit union.[6] The court analyzed the potential jurisdictional basis of the case under various statutes and constitutional amendments, finding that "plaintiff's complaint pleads facts to suggest that he intends to sue the directors of his federal credit union for mismanagement of its members funds." *Id.* at *2. The court stated that, under its obligation to construe plaintiff's claims "broadly," it considered whether plaintiff had brought claims under the FCUA in his capacity as a member of the defendant credit union. In dismissing the action sua sponte, the court stated that "Congress did not create a private right of action under that statute, and there is no implied right of action either." *Id.* (citing *Smith v. Dearborn Fin. Servs., supra*). Thus, plaintiff may not maintain her action under the FCUA.

## B.    Federal Tort Claim ("FTCA")

### 1.    Legal Standards

If the defendant acts under federal law, the FTCA waives the federal government's sovereign immunity in limited circumstances by authorizing suits against the United States to recover for torts committed by federal employees in the scope of

---

[6] The other cases against the Polish & Slavic Credit Union are similar actions brought by other members of the credit union.

their employment. 28 U.S.C. § 2671 et seq.  Before filing an FTCA suit, the plaintiff must file an administrative claim with the appropriate federal agency within two years of the accrual of the claim, and the claim must have been "finally denied" by the agency in writing. *Welenc*, 2012 WL 6106827 at *2 (citing 28 U.S.C. §§ 2401(b); 2675(a)).

### b.    Application

While the National Credit Union Administration (not a defendant in this action) is a federal agency, the local credit union and its board members "are not government or state actors."[7] *Welenc, supra* at *2.  In *Welenc*, the court considered the possibility of an FTCA action only against the National Credit Union Administration, not the local Polish & Slavic Federal Credit Union.  In addition, plaintiff has not indicated that she exhausted her administrative remedies for any "tort" claims that she might have against Empower.[8]  Thus, plaintiff may not bring an action under the FTCA.

## II.    <u>Other Bases for Jurisdiction</u>

As stated above, plaintiff is unhappy with the way the Empower handled some of her transactions and apparently never put one $5,000.00 transfer into her account. Plaintiff's allegations are extremely vague, and she neglects to state in her causes of action a time frame for any of the alleged actions by defendant.  She also fails to state many facts to support the conclusions that she makes, thus making it difficult for the court to interpret her claims.  Because I am recommending dismissal for lack of jurisdiction, I do not make any specific findings regarding the merits of any of

---

[7] A credit union is a "cooperative financial institution chartered by the NCUA or a state government, and owned by its individual members." https://www.ncua.gov

[8] Plaintiff mentions "fraud" and what might be interpreted as emotional distress, but these are only passing, conclusory statements without any real factual basis.

plaintiff's allegations.  However, the court must point out that the Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)).

While plaintiff's complaint in this case is "short," it is very difficult to determine what plaintiff might be alleging, and it is difficult to determine to what transactions she is referring.  The exhibit that she has attached to the complaint is not a great deal of help because she has circled some transactions, but she has not explained what these references mean.   For example, plaintiff first claims that Empower somehow took a transfer of funds into plaintiff's account and applied the money to a "loan payment," but did not give her credit for "them." (Compl. at 2).  Plaintiff has not included a date for this incident, has not identified to what loan she is referring and how she was not given "credit."  Plaintiff then states that Empower made her "take [a] cash advance when [she] should be able to get what [she wants], when [she wants]," because she never had a limit on how much she could take. (Compl. at 2).  Plaintiff has not included a date for this alleged action or any explanation of the facts surrounding this alleged bad act.  Plaintiff also states that Empower took $10,000.00 out of her account when she asked for a cashier's check, but never put the money back in her account, even though she got the "check." (*Id.*)  Plaintiff does not explain why Empower should have put money back into her account when she asked for a $10,000.00 cashier's check, which she was given.

Notwithstanding the deficiencies noted above, the court has made an effort to

8

determine whether plaintiff has jurisdiction under any other statutory bases to bring this action.  Banks have been sued under state law for mismanagement of accounts or improper payments. *See Elden v. Merrill Lynch, Pierce, Fenner & Smith Inc*., No. 08 Civ. 8738, 2011 WL 1236141 (S.D.N.Y. Mar. 30, 2011). *See also Accadia Site Contracting, Inc. v. Northwest Savings Bank*, No. 14-CV-341, 2016 WL 11264713 (W.D.N.Y. Dec. 12, 2016).  In *Elden*, plaintiffs Richard and Gail Elden brought an action against defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), claiming that the defendant improperly paid various checks in violation of Article 4 of the New York[9] Uniform Commercial Code (the "UCC"), breached the duty of ordinary care in violation of Article 3 of the UCC, breached a contract between the parties, and was negligent. *Id.* at \*5.

*Eiden* was in federal court based on diversity jurisdiction, a basis for jurisdiction which is not available to the plaintiff in this case because both she and defendant Empower are citizens of New York State.[10]  Diversity jurisdiction under 28 U.S.C. §1332 is only appropriate when the parties are from different states and when the amount in controversy is more than $75,000.  In this case, both plaintiff and defendant are from New York State, thus, plaintiff may not bring the action in federal court based solely upon the New York UCC, even if plaintiff's allegations stated a claim under New York law.[11]

---

[9] *Elden* also involved a choice of law issue based on contract and upon the UCC, which would not be relevant herein.  2011 WL 1236141, at \*3-5.

[10] *Accadia* was also a diversity action that was removed from New York State Supreme Court. 2016 WL 11264713, at \*1 & n.2.

[11] This court makes no such finding.  The court is only attempting to analyze plaintiff's potential claims as liberally as possible because she is pro se.  The court notes that in *Sanders v.*

9

III.  **Opportunity to Amend**

A.  **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

B.  **Application**

Plaintiff essentially alleges that three or four transactions involving plaintiff's money were mismanaged by the defendant.  However, there is no basis for bringing these claims in federal court under section 1983 (federal question) or any other basis for federal court jurisdiction, including diversity.  The court finds that allowing an amendment would be futile.  However, when a court dismisses for lack of subject matter jurisdiction, the dismissal must be without prejudice. *See Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").  Thus, although the court recommends dismissal without the opportunity to amend, if the court adopts this recommendation, the case must be dismissed without prejudice.[12]

---

*Hudson Valley Federal Credit Union*, 23 Misc. 3d 1134, 889 N.Y.S.2d 507 (Table), 2009 WL 1546938, the plaintiff claimed that his credit union put a "freeze" on his checking account and improperly used money from another account to cover a loan payment without plaintiff's permission. The court used the New York UCC as the substantive rule of law in that case. *Id.* at *3.

[12] Plaintiff might be able to file a case in New York State court, and therefore, a dismissal without prejudice will not prevent her from doing so.

IV.   **Appointment of Counsel**

A.   **Legal Standards**

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y.

11

1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B.      Application

Plaintiff has filed a motion for appointment of counsel in which she simply states

that she requests an attorney to represent her because she does not have any money.

(Dkt. No. 4).  Generally, before the court even considers the *Hodge* factors, the law

requires that plaintiff demonstrate to the court that she has sought to obtain pro bono

counsel on her own by submitting letters from the attorneys that she contacted which

have declined to take her case. *Cooper v. Sargenti*, 877 F.2d at 173-74 (Plaintiff must

demonstrate by correspondence that he received from attorneys who declined to

represent him).

The form-motion filed by plaintiff contains a section in which the party seeking

counsel must list the attorneys that she has contacted in an "effort to obtain counsel."

(Dkt. No. 4).  Plaintiff has left this important part of the application blank.  She has

failed to submit such letters or even allege that she has contacted attorneys on her own.

Thus, the court could deny plaintiff's motion on this basis alone.  In addition, based on

my finding above that plaintiff's case must be dismissed for lack of jurisdiction, there is

no basis for the appointment of counsel.  Thus, the court will deny such appointment.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**

**FOR PURPOSES OF FILING**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 24, 2019

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**